H. L. RICHARDSON, Admr., Appellant, *vs.* SEARS, ROE-
. BUCK & Co. Appellee.

*Opinion filed December 22, 1915.*

1. APPEALS AND ERRORS—*appeal under the Workmen's Compensation act of 1911 does not go from county to circuit court.* Under the Workmen's Compensation act of 1911 an appeal from a judgment of the county court dismissing an appeal from the decision of arbitrators lies to the Supreme Court if a constitutional question is involved and is not required to be taken from the county court to the circuit court.

2. CONSTITUTIONAL LAW—*the Workmen's Compensation act of 1911 was constitutionally passed.* The Workmen's Compensation act of 1911 was passed by the legislature with due observance of the requirements of the constitution. (*Dragovich* v. *Iroquois Iron Co.* 269 Ill. 478, followed.)

APPEAL from the County Court of Kankakee county; the Hon. ARTHUR W. DESELM, Judge, presiding.

RICE, LOWES & O'NEIL, for appellant.

ADLER & LEDERER, for appellee.

Mr. JUSTICE CRAIG delivered the opinion of the court:

Sears, Roebuck & Co., a corporation, appellee in this court, appealed to the county court of Kankakee county from an award made against it and in favor of the appellant for compensation for the death of his intestate, Fred

E. Smith, under the Workmen's Compensation act of 1911. (Laws of 1911, p. 315.) The county court sustained a motion made by Sears, Roebuck & Co., the appellant in that court, to dismiss the proceeding on the ground that the Workmen's Compensation act was unconstitutional. The appellee in the county court thereupon appealed to this court.

Counsel for appellee in this court have made a motion to dismiss the appeal because this court is without jurisdiction to entertain it, contending that under the statute the appeal should have been taken from the county court to the circuit court. That motion was taken with the case. The same motion was made in the case of *Lauruszka* v. *Empire Manf. Co.* (*ante*, p. 304,) which was a case arising under the same law, the Workmen's Compensation act of 1911, and substantially the same reasons were assigned in support of the motion. We held in that case that the appeal was properly taken to this court. What was said in that case is decisive of the same question here and it need not be further considered. The motion to dismiss the appeal will be denied.

The constitutionality of the act in question was fully considered and upheld in the case of *Dragovich* v. *Iroquois Iron Co.* 269 Ill. 478, where it was urged that the law was not constitutionally enacted for the same reasons that are urged by appellee in this court and for which reasons the county court dismissed the appeal to it from the arbitrators. The county court was in error in holding the law unconstitutional and in dismissing the appeal to it, and the order of the county court will be reversed and the cause remanded to that court for further proceedings consistent with this opinion.                    *Reversed and remanded.*